**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 0 4 2012

JAMES N. HATTEN, Clerk
By _____ D. Deputy Clerk

| | | |
|---|---|---|
| LYNN WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| v. | ) | |
| | ) | **WBH** |
| CITY OF ATLANTA, GEORGIA; | ) | 1:12-CV-1569 |
| OFFICER WHITMAN ROUSE, | ) | |
| individually and in his official capacity | ) | |
| as an employee of City of Atlanta; | ) | |
| OFFICER ANTONIUS BLACK, | ) | |
| individually and in his official capacity | ) | |
| as an employee of City of Atlanta; | ) | |
| OFFICER KYLEMA JACKSON, | ) | |
| individually and in his official capacity | ) | |
| as an employee of City of Atlanta, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## VERIFIED COMPLAINT FOR DAMAGES

COMES NOW, Lynn Walker ("PLAINTIFF"), in the above-styled action, by and through undersigned counsel, and hereby files this Complaint for Damages against the above-named Defendants, showing the Court as follows:

## PARTIES, JURISDICTION AND VENUE

### (1)

The Plaintiff is a resident of the Northern District of Georgia.

### (2)

Defendant CITY OF ATLANTA, GEORGIA ("CITY OF ATLANTA") is a legal entity/municipality residing within the Northern District of Georgia. CITY OF ATLANTA owns, operates, and manages the City of Atlanta Police Department. This Complaint and the accompanying summons may be served on Caesar Mitchell in his capacity as President of the Atlanta City Council at 55 Trinity Avenue, Atlanta, Georgia 30303.

### (3)

Defendant Whitman Rouse ("ROUSE") is a certified police officer for the City of Atlanta Police Department, and at all times herein was acting in such capacity as the agent, servant, and employee of the Defendant CITY OF ATLANTA. ROUSE is being sued individually and as a police officer of the City of Atlanta Police Department. ROUSE is further a resident of the Northern District of Georgia. ROUSE may be served by delivering a copy of the Summons and Complaint to him at the City of Atlanta Police Department located at 880 Cherokee Avenue, Atlanta, Georgia 30315.

2

(4)

Defendant Antonius Black ("BLACK") is a certified police officer for the City of Atlanta Police Department, and at all times herein was acting in such capacity as the agent, servant, and employee of the Defendant CITY OF ATLANTA. BLACK is being sued individually and as a police officer of the City of Atlanta Police Department. BLACK is further a resident of the Northern District of Georgia. BLACK may be served by delivering a copy of the Summons and Complaint to him at the City of Atlanta Police Department located at 880 Cherokee Avenue, Atlanta, Georgia 30315.

(5)

Defendant KYLEMA JACKSON ("JACKSON") is a certified police officer for the City of Atlanta Police Department, and at all times herein was acting in such capacity as the agent, servant, and employee of the Defendant CITY OF ATLANTA. JACKSON is being sued individually and as a police officer of the City of Atlanta Police Department. JACKSON is further a resident of the Northern District of Georgia. JACKSON may be served by delivering a copy of the Summons and Complaint to him at the City of Atlanta Police Department located at 880 Cherokee Avenue, Atlanta, Georgia 30315.

3

(6)

The CITY OF ATLANTA is liable for the tortious conduct of ROUSE, BLACK and JACKSON as at all times relevant to the facts alleged herein, ROUSE, BLACK and JACKSON were acting under the supervision, direction and control of the City of Atlanta Police Department, operated by CITY OF ATLANTA.

(7)

Plaintiff shows that CITY OF ATLANTA was properly and timely served with Ante-Litem Notice pursuant to O.C.G.A. §36-33-5. (Please see Ante-Litem Notice attached hereto and marked Exhibit "A").

(8)

This Court has jurisdiction over all causes of action set forth in this Complaint pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

(9)

Venue is proper in the Northern District of Georgia, pursuant to 28 U.S.C. §1391(b) because all actions complained of occurred within the boundaries of this judicial district and all parties have their primary place of business within this district or reside in such.

4

## FACTS GIVING RISE TO PLAINTIFF'S CLAIM

### (10)

On or about May 24, 2011, nine-year old Silica Thomas, daughter of PLAINTIFF, received an Honor Roll and Good Citizen Award from Slater Elementary School in Atlanta, Georgia.

### (11)

After leaving the ceremony, Silica Thomas and PLAINTIFF were walking on Thayer Avenue, approaching Lansing Street in Atlanta, Georgia, when confronted by Defendant ROUSE. Thayer Avenue is a road in a residential neighborhood with no sidewalks present.

### (12)

Defendant ROUSE pulled his police car in front of PLAINTIFF and attempted to make improper personal advances and conversation. PLAINTIFF rejected said advances.

### (13)

PLAINTIFF informed ROUSE that said conduct was inappropriate, as she was walking with her daughter. PLAINTIFF then attempted to walk around ROUSE'S police car and cross the intersection.

(14)

In response to PLAINTIFF'S rejection of his inappropriate sexual advances, ROUSE then illegally stopped, illegally detained and illegally arrested PLAINTIFF in the presence of the child for "jay walking" and obstruction.

(15)

ROUSE made no attempt to ensure that Silica, only nine (9) years old, was safe or under any kind of supervision while he falsely and maliciously arrested PLAINTIFF.

(16)

Silica ran, unaccompanied, to her grandparents' house nearby to tell them her mother was being arrested.

(17)

Both of PLAINTIFF'S parents arrived with Silica to find their daughter being arrested and put in the back of a patrol car.

(18)

JACKSON and BLACK also arrived on the scene because ROUSE was not answering his radio.

6

(19)

JACKSON and BLACK were apprised of the situation but did nothing to prevent PLAINTIFF'S rights from being clearly violated.

(20)

At no time did PLAINTIFF physically resist the officers; but was taken to jail, booked and forced to post bond in order to be released.

(21)

PLAINTIFF was issued a citation for "Pedestrian Walking in Road" and "Physical Obstruction." (Please see Exhibit "B" attached hereto).

(22)

PLAINTIFF'S charges were subsequently dismissed by the City Solicitor on June 22, 2011.

(23)

ROUSE'S conduct was investigated by Sergeant Warren Pickard, the Corruption Unit Commander, and his findings were subsequently approved by Major E.B. Dancy, the Commander of the Office of Professional Standards. (Please see Exhibit "C" attached hereto).

7

(24)

This investigation corroborated PLAINTIFF'S version of events and explicitly stated that ROUSE "changed his official statement to this office on two occasions" and that ROUSE "is being less than candid about his reason for approaching/stopping Mrs. Walker." (See Exhibit "C")

(25)

The investigation also revealed that PLAINTIFF asked ROUSE to speak with his supervisor, but ROUSE admittedly, did not call his supervisor because he claimed "his supervisor was busy." (See Exhibit "C").

(26)

ROUSE, admittedly, did not seek nor receive authorization from his supervisor to arrest PLAINTIFF. (See Exhibit "C").

(27)

ROUSE, prior to citing and arresting PLAINTIFF, had never cited nor arrested anyone for Jaywalking in his career with the Atlanta Police Department. (See Exhibit "C").

(28)

ROUSE lied about which street on which PLAINTIFF and her daughter were walking so as to hide the fact that there were no sidewalks present. (See Exhibit "C").

(29)

With regard to the safety of PLAINTIFF'S daughter, Sergeant Pickard concluded that "[t]he fact that you have a mother walking her eight year old daughter home from school being arrested for walking in the road way, in a residential neighborhood, with limited traffic, on the side of the streets that has no sidewalks is unreasonable" and that ROUSE'S actions "were not in the best interest of the child," and that once ROUSE decided to arrest PLAINTIFF, "the safety of the child became the sole responsibility of the Atlanta   Police Department." (See Exhibit "C").

(30)

Despite the above findings that ROUSE lied twice, acted unreasonably in arresting PLAINTIFF, and failed to secure the safety of an eight year old child, ROUSE was only subjected to a one day suspension by the City of Atlanta Police Department. (See Exhibit "C").

<u>COUNT I: 42 U.S.C. §1983- FALSE ARREST/DETENTION</u>

(31)

PLAINTIFF realleges paragraphs 1 through 30 as fully set forth herein.

(32)

On or about May 24, 2011, ROUSE, acting under color of law within the meaning of 42 U.S.C. §1983, arrested PLAINTIFF without probable cause, thereby depriving PLAINTIFF of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. §1983. Specifically, he violated PLAINTIFF'S right to be free from seizure.

(33)

The false arrest was pursuant to CITY OF ATLANTA policy and custom.

(34)

Prior to the arrest of PLAINTIFF, CITY OF ATLANTA permitted, encouraged, and ratified a pattern and practice of misconduct, including false arrests, in that the City failed to adequately discipline or prosecute or in any manner deal with known incidents of misconduct, including incidents of false detentions and arrests.

(35)

Despite knowledge that ROUSE falsely arrested PLAINTIFF, CITY OF

10

ATLANTA did not thoroughly investigate the incident nor was ROUSE properly disciplined.

(36)

The foregoing acts, omissions, and systematic failures and deficiencies are policies and customs of CITY OF ATLANTA and caused the police officers of said City to believe that illegal detention, false arrests and other misconduct would be tolerated and that complaints would not be honestly or properly investigated, with the foreseeable result that officers would falsely arrest PLAINTIFF and other similarly-situated citizens.

(37)

Further, ROUSE, JACKSON and BLACK acted in concert to violate PLAINTIFF'S rights.

(38)

As a result of the conduct of Defendants, PLAINTIFF has suffered physical and emotional injuries and damages, embarrassment, and humiliation.

COUNT II: UNLAWFUL SEIZURE/DEPRIVATION OF DUE PROCESS IN

VIOLATION OF 42 U.S.C. 1983

(39)

PLAINTIFF realleges paragraphs 1 through 38 as fully set forth herein.

11

(40)

It is a clearly established constitutional right, by and under the protection of the Fifth and Fourteenth Amendments to the U.S. Constitution, that citizens shall not be deprived of their liberty or liberty interests, without due process of law. CITY OF ATLANTA, by and through ROUSE, JACKSON and BLACK, deprived PLAINTIFF of those liberty interests in that Plaintiff was illegally stopped, searched, assaulted, and/or sexually harassed as alleged above.

(41)

PLAINTIFF had a clearly established substantive and procedural due process right by and under the Fourteenth Amendment to the U.S. Constitution to be protected in her person and personal solicitude against unreasonable stops, searches, seizures, harassment and/or sexual harassment like those perpetrated by ROUSE, BLACK and JACKSON as set forth above.

(42)

CITY OF ATLANTA, by and through its police department, was the moving force behind ROUSE, JACKSON, and BLACK unjustifiably stopping, searching, seizing, harassing and/or sexually harassing PLAINTIFF as described above.

(43)

CITY OF ATLANTA'S aforementioned acts and omissions, by and through its police department, constituted CITY OF ATLANTA'S policy, practice or

custom which proximately caused PLAINTIFF to suffer the aforementioned damages in violation of 42 U.S.C. §1983.

(44)

ROUSE'S above-described negligent, wanton and/or willful grabbing of PLAINTIFF was perpetrated under color of law and constituted an unlawful, unconstitutional seizure of PLAINTIFF without due process and violated PLAINTIFF'S rights secured by and under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## COUNT III: ASSAULT AND BATTERY

(45)

PLAINTIFF realleges paragraphs 1 through 44 as fully set forth herein.

(46)

On or about May 24, 2011, ROUSE'S aforementioned acts of unwanted and unwarranted touching of PLAINTIFF was without reasonable justification or excuse and was committed intentionally and/or with reckless disregard towards PLAINTIFF'S right to be free from such acts.

(47)

Said unwanted touching of PLAINTIFF by ROUSE constitutes assault and

13

battery. Such assault and battery proximately caused PLAINTIFF to suffer physical and emotional injuries and damages, embarrassment, as well as other expenses.

## COUNT IV: MALICIOUS PROSECUTION

(48)

PLAINTIFF realleges paragraphs 1 through 47 as fully set forth herein.

(49)

On or about May 24, 2011, Defendants acting under color of state law, with malice towards PLAINTIFF and acting without probable cause, instigated the criminal proceedings against PLAINTIFF in violation of O.C.G.A. §51-7-40.

(50)

All charges against PLAINTIFF were dismissed on June 22, 2011. Under O.C.G.A. §51-7-41, PLAINTIFF'S right of action accrued upon said termination of the criminal charges.

(51)

As a result of the conduct of Defendants, PLAINTIFF has suffered physical and emotional injuries and damages, embarrassment, and humiliation.

14

## COUNT V: STATE LAW- FALSE ARREST/FALSE IMPRISONMENT

(52)

PLAINTIFF realleges paragraphs 1 through 51 as fully set forth herein.

(53)

On or about May 24, 2011, ROUSE arrested PLAINTIFF without probable cause, resulting in PLAINTIFF being jailed.

(54)

The conduct of ROUSE was negligent, wanton, malicious, willful, and in bad faith.

(55)

To the extent that the conduct of ROUSE was negligent or careless, CITY OF ATLANTA is liable for his conduct, as he were acting within the line and scope of his employment with CITY OF ATLANTA.

(56)

As a result of the conduct of ROUSE, PLAINTIFF has suffered physical and

15

emotional injuries and damages, and embarrassment.

(57)

All charges against PLAINTIFF were dismissed on June 22, 2011. Under O.C.G.A. §51-7-41, PLAINTIFF'S right of action accrued upon said termination of the criminal charges.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(58)

PLAINTIFF realleges paragraphs 1 through 57 as fully set forth herein.

(59)

The intentional and/or reckless conduct of Defendants was extreme, outrageous and severe.

(60)

The intentional and/or reckless conduct of Defendants caused humiliation, embarrassment, fright and/or extreme outrage, so as to cause emotional distress to PLAINTIFF.

16

(61)

The acts and omissions of Defendants referenced herein were the direct and proximate cause of the injuries to PLAINTIFF.

(62)

As a result of Defendants' outrageous behavior, PLAINTIFF has suffered mental anguish, embarrassment, and utter humiliation.

## COUNT VII: NEGLIGENT HIRING AND RETENTION

(63)

PLAINTIFF realleges paragraphs 1 through 62 as fully set forth herein.

(64)

CITY OF ATLANTA, by and through its police department, was negligent and grossly negligent in the hiring and retaining of ROUSE, JACKSON and BLACK which amounted to deliberate indifference of a substantial risk of serious harm, as well as disregard of that risk by failing to take reasonable measures to abate the same. As a direct and proximate result, PLAINTIFF was the victim of the deprivation of her rights in violation of the Constitution of the United States of America and Georgia Constitution.

17

(65)

CITY OF ATLANTA, by and through its police department, hired and retained incompetent employees, to wit: ROUSE, JACKSON and BLACK for a particular position, City of Atlanta Police Department Officer, when it was reasonably foreseeable that such employees would engage in the negligent performance of the duties of that position. CITY OF ATLANTA either knew or should have known or discovered such incompetence.

(66)

CITY OF ATLANTA knew or should have known of the propensities of its employees, ROUSE, JACKSON and BLACK to commit acts of the type they perpetrated upon PLAINTIFF herein, and because they continued ROUSE, JACKSON and BLACK in their employment despite such knowledge, thus making it possible for them to harm PLAINTIFF, CITY OF ATLANTA, by and through its police department is liable to PLAINTIFF for its negligent hiring and retention of ROUSE, JACKSON and BLACK.

## COUNT VIII: DAMAGES

(67)

PLAINTIFF realleges paragraphs 1 through 66 as fully set forth herein.

(68)

Pursuant to 42 U.S.C. § 1983, PLAINTIFF seeks compensatory damages against ROUSE, JACKSON and BLACK in their individual and official capacities.

(69)

PLAINTIFF seeks general and special damages, as well as punitive damages, under Federal Law and Georgia law against Defendants. Defendants' actions were willful, wanton, and malicious which give rise to the presumption that they were consciously indifferent to the consequences of their actions in contravention of law.

WHEREFORE, PLAINTIFF prays for:

(a) An award of damages to be determined by the trier of fact for the PLAINTIFF;

(b) Punitive damages to imposed against Defendants to be determined by the enlightened conscience of an impartial jury;

(c) Reasonable attorney's fees, costs and expenses as permitted by law; and

(d) Such other and further relief as this Court may deem just and proper.

Respectfully submitted this 4th day of May 2012.

_____
Dwight L. Thomas
Attorney for Plaintiff
Georgia Bar No. 704825

1745 Martin Luther King Jr. Drive, SW
Atlanta, GA 30314
Telephone: 404-522-1400
Facsimile:  404-755-2327

## VERIFICATION

I hereby verify that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

This __3__ day of __May__, 2012.

Lynn Walker
Plaintiff

Sworn to and subscribed
Before me this __5__ day
of __May__, 2012.

Notary Public

My Commission Expires:

Pearl L Adams
NOTARY PUBLIC
Fulton County, GEORGIA
My Comm. Expires
9/27/2015